Chad D. Greeson, Bar No. 251928
cgreeson@littler.com
Nicholas Gioiello, Bar No. 318418
ngioiello@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, California  94597
Telephone:     925.932.2468
Fax No.:        925.946.9809

Attorneys for Defendant
AIR LIQUIDE ADVANCED MATERIALS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE BOOZE, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AIR LIQUIDE ADVANCED MATERIALS INC. a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>[Alameda County Superior Court Case No. 24CV060686]<br><br>**DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed:   January 19, 2024 |

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF DONTE BOOZE, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Air Liquide Advanced Materials Inc. ("ALAM") ("Defendant") hereby removes the state court action described in this notice, filed by Plaintiff Donte Booze ("Plaintiff") on January 19, 2024, in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446. Defendant makes the following allegations in support of their Joint Notice of Removal:

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this putative class action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). The CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this action meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Joint Notice of Removal.

## II.    VENUE

2.    Plaintiff originally brought this action in the Superior Court of the State of California, County of Alameda. Therefore, venue properly lies in the Northern District of California pursuant to 28 U.S.C. sections 84(c)(2), 1391, 1441, and 1446.

## III.    PLEADINGS, PROCESS, AND ORDERS

3.    On January 19, 2024, Plaintiff filed a Complaint against Defendant and various DOES in Alameda County Superior Court, captioned *Donte Booze, as an individual and on behalf all others similarly situated v. Air Liquide Advanced Materials Inc.; and DOES 1 through 50,*

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

2

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

*inclusive*, designated Case No. 24CV060686 ("Complaint").[1] *See* Declaration of Nicholas Gioiello in Support of Defendants' Joint Notice of Removal ("Gioiello Decl."), ¶ 2, **Exhibit A**.

4.    On February 2, 2024, Defendant was served with the Complaint along with copies of the Summons, Civil Case Cover Sheet, and requisite proofs of service. *See* Gioiello Decl., ¶¶ 2-3, **Exhibits A-B**.

5.    On February 28, 2024, ALAM submitted its Answer for filing to the Complaint in State Court and served a copy of the Answer on Plaintiff. *See* Gioiello Decl., ¶ 4, **Exhibit C**.

6.    All documents as reflected and downloaded from the Alameda County Superior Court Website, including the Notice of Case Assignment and Scheduling Information, as of the date of filing, are attached to the Gioiello Declaration as **Exhibit C**. *See* Gioiello Decl. ¶ 5, **Exhibit C**.

7.    To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Alameda County Superior Court or served by any party other than as described above. To Defendant's knowledge, no proceedings related hereto have been heard in Alameda County Superior Court. Gioiello Decl. ¶ 6.

## IV.    TIMELINESS OF REMOVAL

8.    An action may be removed from state court by filing a notice of removal—together with a copy of all process, pleadings, and orders served on defendant—within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

9.    Removal of this action is timely because this Joint Notice of Removal has been filed within thirty days of February 2, 2024, the date Defendant was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b); Fed R. Civ. P. Rule 6(1)(c); Gioiello Decl., **Exhibit B**. Because Plaintiff served the Summons and Complaint on Defendant on February 2, 2024, the thirty-day period for removal runs through March 4, 2024, by operation of Federal Rule of Civil

---

[1] The Complaint asserts the following causes of action: (1) Violation Of Labor Code §§ 226.7 and 512; (2) Violation of Labor Code §§ 201-203 and 246; (3) Violation of Labor Code § 226; and (4) Violation Of Business and Professions Code § 17200, *et seq*.

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

Procedure, Rule 6 (extending time to "the next day that is not a Saturday, Sunday, or legal holiday"). As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendant and reflected on the Alameda Superior Court's website. *See* Gioiello Decl., **Exhibits A-D**.

## V.     CAFA JURISDICTION

10.     CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Joint Notice of Removal.

### A.     Plaintiff Filed A Class Action Under State Law

11.     Plaintiff filed his action as a putative class action based on alleged violations of various California wage and hour laws. Gioiello Decl., **Exhibit A**.

### B.     The Proposed Class Contains At Least 100 Members

12.     Title 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

13.     Plaintiff seeks to represent putative classes consisting of:

a.     All employees of Defendant in the State of California who were paid overtime and/or double time wages at any time between January 19, 2023, through the present;

b.     All current and former non-exempt employees of Defendant in the State of California who earned non-discretionary incentives and/or bonuses, including without limitation, shift differentials, and meal/rest period premium pay during the same workweek at any time between January 19, 2020, through the present; and

c.     All non-exempt employees of Defendant in the State of California who earned non-discretionary incentives and/or bonuses, including without limitation, shift differentials, and sick pay during the same work week, and whose employment

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

ended at any time between January 19, 2021, through the present.

*See* Gioiello Decl., **Exhibit A.**

14.    Defendant is defined by Plaintiff as "Air Liquide Advanced Materials, Inc." *See* Exhibit A, Preliminary Statement.

15.    ALAM, based on a review of ALAM's time and payroll records from January 19, 2020, through the January 19, 2024, had, on average, employed at least 77 non-exempt employees in California. Declaration of Brandon Caire ("Caire Decl."), ¶ 5.

16.    ALAM's internal records demonstrate that there are at least 77 potential putative class members in this matter, as currently plead by Plaintiff.

C.    **Defendants Are Not Governmental Entities**

17.    Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

18.    Defendant is not a state, state officials, or other governmental entity exempt from CAFA. Defendant is a corporation. Caire Decl., ¶ 6.

D.    **There Is Diversity Between At Least One Alleged Class Member And One Defendant**

19.    Under CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

20.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and ALAM are citizens of different states.

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

21. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place he resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

22. Residency is sufficient to establish citizenship of individuals for diversity purposes. *See Albrecht v. Lund,* 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

23. Based on information and belief, at the time Plaintiff commenced this action and at the time of removal, Plaintiff resided in the State of California, with the intention to remain in the State of California and was a citizen of the State of California. Based on information and belief, since Plaintiff commenced this action, he has resided in the State of California with the intention to remain in the State of California and has been a citizen of the State of California. Therefore, Plaintiff is a citizen of California.

24. To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state where a corporation's officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). In practice, the principal place of business is "where the corporation maintains its headquarters." *Id.* at 92-93. In other words, a party's principal place of business is

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

where its officers direct, control, and coordinate its activities. *Id.*

25. ALAM was incorporated in the State of Delaware on June 21, 2012. Caire Decl., ¶ 3.

26. ALAM's principal place of business is located in New Jersey, at 3040 US Highway 22, Branchburg, New Jersey 08876. Caire Decl., ¶ 4. ALAM's corporate headquarters and principal executive offices are located in New Jersey. *Id.* Additionally, from New Jersey, ALAM makes the majority of its decisions about corporate policy and administration at this location including, but not limited to, decisions about human resources, operations, payroll, revenue, management, and practices used by ALAM in the State of California. *Id.*

27. In addition, Plaintiff concedes that ALAM is a citizen of Delaware. As stated in Plaintiff's Complaint: ALAM "is a Delaware Corporation." Gioiello Decl., **Exhibit A**, ¶ 10. Therefore, diversity between the parties exists, Plaintiff is a citizen of California and ALAM is a citizen of Delaware and New Jersey.

28. The presence of DOE defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

29. No other party has been named or served as of the date of this removal. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendant ALAM (Delaware and New Jersey). Therefore, sufficient diversity exists for the purposes of CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

**E. The Amount In Controversy Exceeds $5,000,000[2]**

30. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members

---

[2] The alleged damages calculations contained in this removal are for purposes of removal only. Defendant expressly denies that Plaintiff or any member of the putative class is entitled to any relief whatsoever, and Defendant expressly reserve the right to challenge Plaintiff's alleged damages or penalties at issue in this case.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

31. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

32. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

33. For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability.")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

34. For purposes of establishing the amount in controversy at removal, Defendant need not make Plaintiff's case for him, or prove the amount in controversy to a certainty. Rather, Defendant can rely on "reasonable assumptions" and a "chain of reasoning that includes assumptions" based on some reasonable "ground underlying them." *Arias v. Residence Inn by*

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

8

*Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (finding defendant may rely on assumptions in its chain of reasoning, so long as they have "some reasonable ground underlying them.") (quotation and citation omitted).

35.    The Complaint does not identify a specific number of alleged damages. Plaintiff, generally, seeks: (1) damages and/or penalties pursuant to California Labor Code sections 201, 202, 203, 226, 226.7, and 512, and for costs and attorneys' fees; (2) damages and/or penalties pursuant to California Labor Code sections 201, 202, 203 and 246, and for costs and attorneys' fees; (3) damages and/or penalties pursuant to California Labor Code section 226, and for costs and attorneys' fees; (4) for restitution to Plaintiff and other similarly situated affected members of the general public of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in Violation of Business & Professions Code section 17200, *et seq.*, and for costs and attorneys' fees; (5) attorneys' fees and costs as provided by California Labor Code sections 218.5, 226, and Code of Civil Procedure Section 1021.5; and (6) other and further relief as the Court may deem just and proper. *See* Gioiello Decl., **Exhibit A**, Prayer for Relief.

36.    In addition, the Complaint alleges a cause of action for violation of the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq. See* Gioiello Decl., **Exhibit A**, Fourth Cause of Action.

37.    Defendant is permitted to use reasonable assumptions to establish the amount in controversy. *Arias*, 936 F.3d at 925 (finding a removing defendant is permitted "to rely on a chain or reasoning that includes assumptions," and such assumptions are reasonable if founded on the allegations of the complaint).

38.    Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom, including but not limited to, Plaintiff's allegation that the alleged claims are appropriate for class treatment. Defendant reserves all defenses to Plaintiff's claims. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

9

the jurisdictional minimum of $5,000,000.

39.    Defendants "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148-49 (C.D. Cal. 2010).

### 1.    Meal Period and Rest Breaks

40.    Plaintiff's First Cause of Action alleges that: "Defendant failed in its affirmative obligation to ensure that Plaintiff and Meal/Rest Period Class Members had the opportunity to take and were provided with off-duty meal and rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. For each workday that a meal or rest period is not provided, employees are entitled to one additional hour of pay at the employee's regular rate of pay." *See* Gioiello Decl., **Exhibit A**, First Cause of Action. Further, "Defendant . . . paid meal and rest period premium wages at an employee's base hourly rate of pay, which did not include non-discretionary remuneration, including, but not limited to, shift differentials. As such, Plaintiff and the Meal/Rest Period Class are owed additional meal/rest period premiums based on the correct, higher regular rate of pay." *Id.*

41.    California law permits recovery of one additional hour of pay at the employee's regular rate of compensation for each workday a meal period and/or rest break was not provided. Cal. Lab. Code § 226.7. The statutory period for recovery for a Labor Code section 226.7 claim pursued with a Business & Professions Code claim is four years. *See* Cal. Civ. Proc. Code § 338(a) (setting out a three-year limitations period); Cal. Bus. & Prof. Code § 17208 (explaining the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

42.    ALAM had at least 77 non-exempt employees who worked, for the purposes of this Notice, between January 19, 2020 (the date identified in Plaintiff's proposed class definition) and January 19, 2024 (the date the Complaint was filed), there are at least 16,016 work weeks.

43.    Based on the allegations in the Complaint, Defendant assumes four missed meal period and four missed rest break per week for all ALAM employees that allegedly comprise the

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

putative class. *See Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009) (when a defendant's calculations are "relatively conservative, made in good faith, and based on evidence whenever possible," the court should find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a 50% violation rate for meal and rest period violations was reasonable despite allegations that employees only "sometimes" were denied meal or rest periods); *Sadler v. Ensignal, Inc.*, No. 1:17-cv-00312-AWI-SAB, 2017 WL 2333528, at *5 (E.D. Cal. May 26, 2017) (where case removed on diversity grounds, accepting defendant's assumption that violation occurred once per day where plaintiff alleged "that he systematically worked for a period of more than five hours in a workday without being provided a mandatory, duty-free lunch"). The amount in controversy for missed meals and rest breaks can be calculated by multiplying the number of work weeks by 6 hours of premium payments against ALAM's average rate of pay for non-exempt employees in 2020: $34.46. Caire Decl. ¶ 9. Given the fact that ALAM's non-exempt employees, on average, earned $34.46 in 2020, this conservatively places at least $**4,415,290.88** in controversy for Plaintiff's alleged meal period and rest break claims (16,016 work weeks * 8 hours of premium payments * $34.46 per hour).

### 2.    Wage Statements

44.    Plaintiff's Third Cause of Action alleges: "Defendant[] failed in its affirmative obligation to provide <u>accurate</u> itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate records in violation of Labor Code section 226(a) by failing to provide accurate payroll records for Plaintiff and the Class. Specifically, whenever overtime and/or double-time wages were paid, the wage statement failed to identify the correct total hours worked." *See* Gioiello Decl., **Exhibit A**, Third Cause Of Action. Further, "Plaintiff and the Class . . . [are entitled to] all damages or penalties pursuant to Labor Code section 226, including interest thereon, attorneys' fees, and costs of suit pursuant according to the mandate of California Labor Code section 226." *Id.*

45.    Labor Code section 266(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50 or actual damages per employee for the

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

initial pay period in which a subsequent violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee. Cal. Lab. Code § 226(a). The statutory period for Labor Code section 226(e) penalties is one year. Cal. Code Civ. Proc. § 340.

46. Defendant denies the validity and merit of Plaintiff's wage statement claim. For purposes of removal only, assuming 77 employees worked at least 40 weeks between January 19, 2023, through January 19, 2024, the employees would be entitled to the statutory limit of $4,000, which provides an amount in controversy of **$308,000** (77 employees with 40 or more works weeks x $4,000). Thus, with the claims discussed above, the required amount in controversy threshold is met and exceeded, without any other considerations, which includes Plaintiff's other causes of actions.

**3.    Derivative And Requested Waiting Time Penalties In Conjunction With Plaintiff's First And Second Cause Of Action.**

47. Plaintiff further seeks to recover penalties under California Labor Code section 201 through 203 for alleged waiting time penalties. *See* Gioiello Decl., **Exhibit A**, First Cause of Action ("Plaintiff and other members . . . who have separated from employment are entitled to compensation pursuant to Labor Code section 203"); Second Cause of Action ("upon the termination of their employment . . . Plaintiff and . . . Class Members are entitled to recover from Defendants the statutory penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203").

48. Labor Code section 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

49. Adopting ALAM's average rate of pay for non-exempt employees in 2020 ($34.46 per hour), for the purposes of this calculation, and because there were at least 80 employees who were terminated within three years of the filing of this complaint, if Plaintiff seeks the maximum

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

12

waiting time penalties for thirty days, this equates to **$661,632**. Caire Decl., ¶ 8. Thus, with the claims discussed above, the required amount in controversy threshold is met and well exceeded, without any other considerations, which includes Plaintiff's remaining causes of action.

### 4.    Attorney's Fees

48.    Plaintiff also seeks attorneys' fees and costs in his complaint. Gioiello Decl., **Exhibit A**, Prayer for Relief. Thus, the Court must consider attorneys' fees in determining whether the amount in controversy is met as it is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005), cert. denied, 127 S.Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

49.    In California, it is not uncommon for an attorneys' fee award to be 25 to 33 percent of a settlement or judgment. *See, e.g., McGuigan v. City of San Diego*, 183 Cal.App.4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Vasquez v. California*, 45 Cal.4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims involving failure to pay wages, liquidated damages, penalties, and waiting time penalties); *Amaral v. Cintas Corp.* No. 2, 163 Cal.App.4th 1157, 1216-1218 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equated to total fees of $1,199,550 in class case involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *see also Shaw v. Toshiba Am. Info. Sys., Inc.*, 91 F.Supp.2d 942, 972 (E.D. Tex. 2000) ("Empirical studies show that, regardless of whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.")

50.    The attorneys' fees benchmark in the Ninth Circuit is 25 percent. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent."); *Lo v. Oxnard Euro. Motors, LLC*, 2012 WL 1932283, at *3 (S.D. Cal. May 29, 2012) ("The Ninth Circuit

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.")

51.     Twenty-five percent of the total the total amount outlined above is $1,346,230.72 ($5,384,922.88 * 25% = $1,346,230.72). Accordingly, the total estimated amount in controversy, utilizing only a sample set of ALAM's non-exempt employees during the relevant time period, including estimated attorney's fees, is $6,731,153.60 ($5,384,922.88 +$1,346,230.72).

## VI.     SUMMARY AND CONCLUSION

52.     As explained above, removal of this action is proper, as the aggregate value of Plaintiff's causes of action[3] for unpaid overtime, meal period premiums, rest break premiums, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claims | Amount In Controversy |
|---|---|
| Meal Periods (4 Per Week Per Employee) | $2,207,645.44 |
| Rest Breaks (4 Per Week Per Employee) | $2,207,645.44 |
| Wage Statements ($4,000 for 77 employees) | $308,000 |
| Derivative Waiting Time Penalties | $661,632 |
| Attorneys' Fees | $1,346,230.72 |
| Total Amount In Controversy | $6,731,153.60 |

53.     Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA fees, even without attorneys' fees.

///

///

///

///

---

[3] Plaintiff has alleged several other causes of action not discussed herein, which would only increase the potential damages calculated herein to satisfy CAFA.

LITTLER MENDELSON, P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL

WHEREFORE, Defendant removes this action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated: March 1, 2024

LITTLER MENDELSON, P.C.

*/s/ Nicholas Gioiello*

_____
Chad D. Greeson
Nicholas Gioiello

Attorneys for Defendants
AIR LIQUIDE ADVANCED MATERIALS INC.

4893-7578-0007.1 / 021015-1288

LITTLER MENDELSON,
P.C.
Attorneys at Law
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

15
DEFENDANT AIR LIQUIDE ADVANCED MATERIALS INC.'S NOTICE OF REMOVAL